United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51271
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO SANTANA,
also known as Victor Manuel Vivas,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-41-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Santana appeals the sentence imposed following

his guilty plea conviction of attempting to possess with the

intent to distribute 500 grams or more of cocaine, in violation

of 21 U.S.C. §§ 841 and 846.  Santana contends that he was

improperly sentenced under 21 U.S.C. § 841(b)(1)(B) because that

portion of 21 U.S.C. § 841 was rendered unconstitutional by

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Santana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concedes that his argument is foreclosed by our opinion in United States v. Slaughter, 238 F.3d 580, 581-82 (5th Cir. 2000), which rejected a broad Apprendi-based attack on the constitutionality of 21 U.S.C. § 841.  He raises the issue only to preserve it for Supreme Court review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  No such decision overruling Slaughter exists. Accordingly, Santana's argument is indeed foreclosed.  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  The Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.